# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# CHATTANOOGA DIVISION

| | |
|---|---|
| LATONYA MCCLENDON, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) No: 1:21-cv-00095-TAV-CHS |
| ERHI, LLC, | ) ) ) |
| Defendant. | ) ) |

## JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT

Pursuant to Section 216(b) of the Fair Labor Standards Act (FLSA), the parties respectfully move the Court for an order approving a settlement of Plaintiff's FLSA claims. As explained below, the proposed settlement includes payment of 100% of Plaintiff's alleged minimum wage back pay and regular back pay; liquidated damages in an amount equal to her alleged minimum wage back pay; and statutory attorney's fees and costs.

Plaintiff alleges that she worked part-time as a breakfast attendant at Defendant's hotel on certain days in March and April of 2021. She alleges that Defendant agreed to pay her an hourly rate of $9.50 for her work, but never paid her any compensation whatsoever. Defendant denies that Plaintiff was actually hired to work at the hotel, and maintains that she merely observed the activities at the hotel for a short period of time in the hope of obtaining employment there. Accordingly, Defendant denies liability under the FLSA.

Based on the number of hours that Plaintiff alleges she worked at the hotel at an agreed-upon rate of $9.50 an hour, Plaintiff and her counsel have calculated that Plaintiff is owed a total of $798.00 in wages, of which $609.00 was required to be paid pursuant to the FLSA's minimum

wage provision.  See, 29 U.S.C. §206(a)(1)(C) (requiring payment of at least $7.25 an hour). Although Defendant disputes Plaintiff's claims, it has agreed to resolve the claims by paying the full amount of Plaintiff's alleged unpaid wages totaling $798.00.  In addition, Defendant will pay liquidated damages in the amount of the alleged minimum wage liability, totaling $609.00.  See, 29 U.S.C. § 216(b).  Finally, Defendant will pay Plaintiff's statutory attorney's fees in the amount of $3,737.50 and costs in the amount of $410.00.  Id.  In return for these payments, Defendant will receive a dismissal of the lawsuit with prejudice, and Plaintiff has not agreed to any other terms or obligations.  The parties have not entered into a separate written settlement agreement, and the terms of this settlement are entirely set forth in the present motion.

Accordingly, Plaintiff will receive the full benefits to which he alleges she is entitled pursuant to the FLSA.  Id.  A district court may approve an FLSA settlement after determining that it is fair and reasonable.  See, e.g., Lynn's Food Stores, Inc. v. United States, 679 F. 2d 1350, 1353-54 (11th Cir. 1982).  Because Plaintiff will receive full benefits, there is no question that the settlement is fair and reasonable.  See, e.g., Hanks v. Racetrack Petroleum, Inc., 2011 WL 4408242, at *2 (M.D. Fla. Sept. 9, 2011) ("Full recompense is *per se* fair and reasonable.").

For the foregoing reasons, the parties respectfully move the Court for an order approving the proposed settlement, and have attached a proposed Order to this motion.

Respectfully submitted,

/s/ R. Scott Jackson, Jr.
R. Scott Jackson, Jr., (TN 13839)
4525 Harding Road, Suite 200
Nashville, TN 37205
(615) 313-8188
(615) 313-8702 (facsimile)
rsjackson@rsjacksonlaw.com

John McCown (GA 486002)
Warren & Griffin, P.C.
300 West Emery Street, Suite 108
Dalton, GA 30720
(706) 529-4878
(706) 529-3890 (facsimile)
john.mccown@warrenandgriffin.com

Attorneys for Plaintiff


/s/ C. Chad Young
C. Chad Young (TN 018470)
Patty & Young Attorneys at Law, LLC
P.O. Box 727
7731 Nashville Street
Ringgold, Georgia 30736
Phone: (706) 935-9100
Fax: (706) 935-6022

Attorneys for Defendant


## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of June, 2021, a true and correct copy of the foregoing was served via the Court's electronic filing system on C. Chad Young, Patty & Young Attorneys at Law, LLC, P.O. Box 727, 7731 Nashville Street, Ringgold, Georgia 30736.

/s/ R. Scott Jackson, Jr.
R. Scott Jackson, Jr